then says: "I immediately ordered the meter replaced, pending an investigation. I ordered the wires reconnected." The only inference possible from this evidence is that the order was made in the presence of Mr. Veeder, whose knowledge would be deemed the knowledge of the plaintiff. It was unnecessary to give further notice to plaintiff. It appears, therefore, that, because the jury have failed to give effect to the charge of the court, the judgment and order must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur; CHESTER, J., in result.

---

(97 App. Div. 480.)

AHRENS v. CITY OF ROCHESTER.

(Supreme Court, Appellate Division, Fourth Department. October 21, 1904.)

1. MUNICIPAL CORPORATIONS—SEWAGE—INSUFFICIENT DRAINAGE—DAMAGES—
        LIABILITY OF MUNICIPALITY.
            Where, after the construction by a city of a sewer built for the purpose
        of draining the sewage from residences within a certain area, a large
        additional territory was drained into the original sewer, resulting in
        damages to plaintiff's premises by the overflow of the sewer, the city was
        liable.

2. SAME—MEASURE OF DAMAGES.
            Where a city is liable to one whose property has been injured by the
        overflowing of a sewer, the damages are the depreciation in rental value.

3. SAME—CONTINUOUS DAMAGES.
            Where a city was liable in damages to a property owner for the over-
        flowing of a sewer into the owner's premises on each occasion of a heavy
        rainfall, the damages were continuous, and recovery should be for all the
        damages sustained up to the time of the commencement of the action.

4. SAME—PRESENTATION OF CLAIM.
            A claim against a city by a property owner for damages to his premises
        resulting from the overflowing of a sewer is not within the charter of
        second-class cities (Laws 1895, p. 438, c. 182), known as the "White Char-
        ter," requiring all claims against the city for damages to property alleged
        to have been caused by negligence of the city or its officers to be presented
        to the common council.

Appeal from Special Term, Monroe County.

Action by William J. Ahrens against the city of Rochester. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The following is the opinion of NASH, J.:

The allegations of the complaint bring the case of the plaintiff within the principle adopted and applied in Seifert v. City of Brooklyn, 101 N. Y. 136, 4 N. E. 321, 54 Am. Rep. 664. The complaint here alleges that in or about the year 1882 the city built a sewer through Clifford and other streets for the purpose of draining waste water and sewage from residences located within the described area; "that since the year 1882 a large amount of additional territory has been drained by the defendant into the sewer so constructed in Clifford street, by means of tributary sewers built by the defendant; that such original sewer was so constructed through a portion of Clifford street that it had substantially no grade or fall, and by reason of that fact, and of its small size, has never been of sufficient capacity to carry away the water and sewage which the defendant drained into it; that by reason of the facts stated, and whenever there has been a heavy rainfall during the past six years and more, water and sewage have been forced back through the lateral

---

¶ 2. See Municipal Corporations, vol. 36, Cent. Dig. § 1802.

or house sewers along Clifford street into the cellars and houses and upon the premises of residents, and have so been forced into the cellar and house and upon the premises of the plaintiff, to his injury. The complaint further alleges that the city has, during the past six years or more, had repeated notice of the conditions described, and that the injury to the plaintiff's property is liable to be repeated and continuous, but is remediable by a change of the plan of the sewer, or by the adoption of prudential measures.

The plaintiff's case rests upon a state of facts similar to that which was before the court in Seifert v. City of Brooklyn. There the commissioners of sewage of the city of Brooklyn established a drainage district not theretofore drained over the lands of the plaintiff. The main sewer was .built, and subsequently various lateral sewers. Soon after the completion of the main sewer, actual use demonstrated that it was insufficient to carry off the sewage turned into it, and at times this was forced through the manholes and inundated plaintiff's premises, inflicting serious injury. Here the allegations of the complaint are that, after the construction of the sewer built for the purpose of drainage of the sewage from the residence within a certain area, a large additional territory has been drained into the original sewer by means of tributary sewers, resulting in serious injury to the plaintiff's premises. In the Seifert Case it was held that the inundation of the plaintiff's premises constituted a trespass, for which the city was liable. The principles upon which the case there as well as here is distinguished from cases where "the immunity of a municipal corporation from liability for damages occasioned to those for whose benefit an improvement is instituted by reason of the insufficiency of the plan adopted to wholly relieve their wants, or on account of the neglect of the municipality to exercise its power in making desired improvements and other like circumstances," are fully discussed, and the distinguishing features are clearly shown in the opinion. The complaint here also alleges that the injury to the plaintiff's premises is remediable by a change of plan or the adoption of prudential measures. In the Seifert Case the opinion states: "We are also of the opinion that the exercise of a judicial or discretionary power by a municipal corporation which results in a direct and physical injury to the property of an individual, and which, from its nature, is liable to be repeated and continuous, but is remediable by a change of plan or the adoption of prudential measures, renders the corporation liable for such damages as occur in consequence of the continuance of the original cause after notice, and an omission to adopt such remedial measures as experience has shown to be necessary." In either aspect of the case, under the decision of the Court of Appeals in the Seifert Case, the complaint is sufficient.

The damages—depreciation of rental value—are continuous, and a recovery may be had for all damages sustained to the time of the commencement of the action. It is not optional for the plaintiff to split up his claim and bring separate actions. Uline v. N. Y. C. & H. R. R. Co., 101 N. Y. 98, 123, 4 N. E. 536, 54 Am. Rep. 661.

The claim of the plaintiff is not within the provision of section 461 of the charter of second-class cities (Laws 1898, p. 438, c. 182, as amended by Laws 1899, p. 1290, c. 581), known as the "White Charter," which requires that all claims against the city for damages or injuries to person or property alleged to have been caused by the misfeasance or negligence of the city, or any of its officers or employés, shall be presented in writing to the common council within three months after the happening of the accident or injury out of which the claims arose. Sammons v. City of Gloversville, 175 N. Y. 346, 350, 67 N. E. 622.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

William W. Webb, for appellant.

Geo. A. Carnahan, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on opinion of NASH, J., delivered at Special Term.